12755

STATE v. GRIFFIN *ET AL.*

(150 S. E., 312)

*Mr. J. W. Manuel,* for appellants,

*Solicitor Randolph Murdaugh,* for respondent, 

November 6, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendants were convicted, at the fall, 1928, term of Court of General Sessions for Hampton County, of assault and battery of a high and aggravated nature, and sentenced to imprisonment for a period of four months. They now appeal, and assign error to the trial Judge (1) in the admission of certain testimony; (2) in his charge to the jury; and (3) in his refusal to grant a new trial.

It appears that, on the afternoon of July 4, 1928, there was a picnic at the home of Rosa Griffin, a colored woman, who lived about one mile from Yemassee, in Hampton County. Among those present were Hamp Padgett, the prosecuting witness, the defendant, Floyd Griffin, a son of Rosa, and the defendant, Harry Terry, her son-in-law. Things to eat were being sold by the women. Padgett was accused of upsetting a pan of food belonging to Jet Griffin, the wife of Floyd, and demand was made upon him to satisfy her for the loss. He denied the accusation, however, and became involved in a dispute about the matter with Griffin and Terry, which resulted in his being shot and severely wounded.

When Rosa Griffin, who testified for the defense, was on the stand, she was cross-examined by the Solicitor as follows:

"There is a little ditch on the front of my house, as far as from my house, I should judge farther, than that telegraph post.

"Harry's wife was selling the rations? A. Yes, sir.

"Q. Who was presiding down there at the ditch over the four gallons of liquor? A. Sir? Nobody.

"Mr. Manuel: We object. That is absolutely irrelevant.

"The Court: I think it might be relevant.

"A. Nobody had any liquor.

"Q. Don't you know that in that ditch was four gallons of liquor, and you were presiding over the liquor? A. If that is so, I am not sitting in this chair. I hope God will kill me, and I am not ready to die."

In reply to this testimony, and for the purpose of contradiction, the state called the prosecuting witness, Padgett, who, over the objection of the defendants, testified that he saw Rosa Griffin with four gallons of liquor in the ditch at the corner of the porch, and saw her sell whisky to Caleb Bowers and Bill Thompson. The objection made to this testimony of Rosa Griffin is that it was irrelevant; the objection urged to Padgett's reply testimony is that it was irrelevant, and was an attempted contradiction of the witness Rosa Griffin on a collateral matter.

The rule of law seems to be that a witness, on cross-examination, may be asked questions which, even though irrelevant to the issue being tried, may tend to test the accuracy of his memory or his credibility, subject to his right to decline to answer any question tending to incriminate him. *State v. Mitchell,* 56 S. C., 524, 35 S. E., 210; *State v. Merriman,* 34 S. C., 16, 12 S. E., 619; *State v. Williamson,* 65 S. C., 242, 43 S. E., 671; Greenleaf on Evidence, Section 449; Jones on Evidence, 2d Edition, 1046. Further, the scope of cross-examination, including the relevancy of the testimony, is largely within the discretion of the trial Judge. *State v. Williamson, supra.*

However, we think that the objection to the admission of Padgett's reply testimony is well taken. The defendants were not charged with handling liquor, and there was no testimony that liquor, or the sale of it, had anything to do with the assault and battery for which they were on trial. There can

be no doubt, therefore, that the sale of liquor by Rosa Griffin, attempted to be proved by the state, was a collateral matter, not connected in any way with the issue involved. Hence, when she was asked, on cross-examination, about such sale, her answer was conclusive as against the state, and could not be contradicted by other witnesses. See authorities above cited.

As a new trial must be granted, it becomes unnecessary for us to consider the additional questions raised by the appeal, further than to say that the presiding Judge committed no error in refusing to grant the motion for a new trial, made on the ground that there was no evidence to sustain the verdict.

Judgment reversed, and case remanded for a new trial.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.